## TEMPLE *v.* THE STATE.

CRIMINAL LAW. *Forcibly entering premises not burglary.* To charge the jury that the mere unlawful entering upon the premises of another, and against his consent, is such an act as the law regards as having a tendency to lead to an immediate breach of the peace, and is an indictable offense. *Held,* erroneous. The distinction is well settled that if the entry is made without force, although it may be unlawful, it is only a civil trespass, but if accompanied with force amounting to a breach of the peace, or such as is calculated to produce a breach of the peace, it is a criminal trespass.

### FROM M'NAIRY.

Appeal from the Circuit Court. J. F. McKINNEY, Special Judge.

. No record can be found.

NICHOLSON, C. J., delivered the opinion of the court.

Temple was indicted in the Circuit Court of McNairy county "for forcibly and unlawfully entering upon the premises of one J. E. Randolph, and against his consent, to the evil example of all others, and against the peace and dignity of the State."

A motion was made to quash because the indictment avers only a civil trespass, and not a criminal offense. The motion was overruled.

Upon the trial the proof showed that Temple was engaged in having a survey made of a tract of land adjoining the land of the prosecutor, and continued to have the survey made, although prosecutor objected upon the ground that he was running on his lands. No force was used and no threats of violence resorted to.

The court charged the jury that "the act of the defendant must have been such as the law contemplates would have a tendency to lead to an immediate breach of the peace," further, "the unlawful entering upon the premises of another, and against his consent, is such an act as the law regards as being such tendency."

Under this charge the jury found the defendant guilty, and he was fined ten dollars.

It is laid down in *State* v. *Ross,* 4 Jones' N. C. R., 316, "that to make a trespass indictable, it must be committed *manu forti,* in a manner which amounts to a breach of the peace; or, according to some of the cases, which would necessarily lead to a breach of the

Temple *v.* The State.

peace if the person in possession is not overawed by a display of force, so as to be induced to surrender and give up the possession, because resistance would be useless.    Unless this degree of force is resorted to, the trespass is a mere civil injury to be redressed by action."

The Circuit Judge laid down the law in substantial conformity with the rule here referred to, but added, that the unlawful entering upon the premises of another, and against his consent, is such an act as the law regards as having a tendency to lead to an immediate breach of the peace.    In other words, that the mere unlawful entering upon the premises of another against his consent, is an indictable offense, whetner the entry was accompanied with force or violence or threats of intimidation or not.

This definition of the law does away with any distinction between a civil and a criminal trespass. The distinction is well settled, that if the entry is made without force although it may be unlawful, it is only a civil tresspass, but if accompanied with force amounting to a breach of the peace, or such as is calculated ordinarily to produce a breach of the peace, it is a criminal trespass.

The Judge committed the same error in his charge that he did in overruling the motion to quash the indictment.    The indictment contains no averment of force, or threats, or violence, but is simply a charge of a civil trespass.

The judgment is reversed and the indictment quashed.