**Bessie Louisa HALL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 8, 1979.

Edwin C. Lenow, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, James Arthur, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant appeals from her conviction for burglary in the second degree with pun-ishment fixed at three (3) years in the penitentiary.

All of the assignments of error pertain to the jury instructions. Defendant first says she was entitled to a special instruction on criminal trespass.

■ The State's evidence shows that the apartment of Mrs. Willie B. Walls was burglarized on the morning of February 2, 1977. On the day of the burglary defendant was observed backing an automobile to the front door of the Walls' apartment. She was accompanied by several other members of her family. The witness observed defendant and some of the others emerging from the window of the burglarized apartment carrying property belonging to the victim. The window pane had been removed from its frame. The witness observed defendant and the others fleeing from the scene. She properly identified defendant in court. Some of the loot from the burglary was subsequently discovered in an adjacent apartment which had been previously vacated by defendant's family. Defendant admitted being in the area but attempted to cast an innocent purpose on her presence there. She denied implication in the crime. Her testimony was generally corroborated by the testimony of other witnesses.

A special instruction on criminal trespass was submitted and denied. It is insisted that criminal trespass is a lesser included offense of burglary. In *Wright v. State,* 549 S.W.2d 682 (Tenn.1977), our Supreme Court considered the criteria constituting a lesser included offense, in doing so it was said:

> "The true test of which is a lesser and which is a greater crime is whether the elements of the former are completely contained within the latter so that to prove the greater the State must first prove the elements of the lesser."

One of the elements of common law criminal trespass is that the entry upon the property of another must be accompanied with force amounting to a breach of the peace. *Temple v. State,* 66 Tenn. 109 (1874). The offense of burglary may be

committed without the use of force. The "breaking" element of burglary can be established by opening a partially raised window. *Claiborne v. State,* 113 Tenn. 261, 83 S.W. 352 (1904), or merely by the opening of an unlocked door, *Goins v. State,* 192 Tenn. 32, 237 S.W.2d 8 (1950). The "entry" element of burglary can be accomplished without the accompaniment of any force, such as penetration of the space within the premises by the hand or an instrument held in the hand. See *State v. Crow,* 517 S.W.2d 753 (Tenn.1974). There was no obligation on the part of the trial court to charge on the offense of common law criminal trespass because it is not a lesser included offense of burglary as charged in this indictment. We overrule the assignment.

It is said it was error for the trial judge to instruct the jury on the element of flight since there was no evidence that anyone chased the defendant nor did she attempt to leave town.

Defendant was observed fleeing the scene of the crime. In reference to such matters we cite from 29 Am.Jur., Evidence, Section 280, page 329:

> "The fact that a defendant after the commission of a crime concealed himself or fled from the vicinity where the crime was committed, with knowledge that he was likely to be arrested for the crime or charged with its commission, may be shown as a circumstance tending to indicate guilt."

Defendant endeavored to explain her flight by showing she was afraid of being seen because she was on probation at the time. Evidence of flight to avoid arrest may be rebutted by a credible explanation of some motive other than guilt, but the conclusion to be drawn from such evidence is for the jury upon proper instructions from the trial court. See *Brown v. State,* 4 Tenn.Cr.App. 381, 472 S.W.2d 230 (1971). We overrule the assignment.

It is argued that the instructions to the jury on aiding and abetting were improper and a denial of due process of law. It is defendant's theory that she was never specifically charged as an aider and abettor, therefor the instructions were improper.

There was ample evidence from which the jury could have found the defendant guilty of aiding and abetting in the burglary as well as actual participation in the principal offense. There was evidence from which the jury could have concluded she was actively engaged in the coordination of the activities of her brothers and sisters in burglarizing the apartment. An aider and abettor is fully culpable of the principal offense and no special notice is required to inform one of that status. See *Robinson v. State,* 513 S.W.2d 156 (Tenn.Cr.App.1974). The trial judge correctly instructed the jury that defendant might be found guilty in her capacity as an aider and abettor of the burglary, and the assignment of error is without merit.

The judgment of the trial court is affirmed.

DWYER and TATUM, JJ., concur.