**In re the MARRIAGE OF Susan Jean JEFFERY and Keith Brian Jeffery.**

**Susan Jean Jeffery, Petitioner/Respondent,**

v.

**Keith Brian Jeffery, Respondent/Appellant.**

**No. ED 78087.**

Missouri Court of Appeals, Eastern District, Division Five.

June 12, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2001.

Application for Transfer Denied Sept. 25, 2001.

Michael P. Cohan, Cordell & Cordell, P.C., St. Louis, MO, for appellant.

Michael A. Gross, St. Louis, MO, Stanley J. Goodkin, Clayton, MO, for respondent.

CRANE, Judge.

Husband appeals from the order denying his Rule 74.06(b) motion seeking relief from the trial court's order denying his motion for new trial in a dissolution case. We dismiss for lack of jurisdiction.

On September 9, 1998, the trial court entered a judgment dissolving the marriage of Keith Jeffery (husband) and Susan Jeffery (wife). Husband's motion for new trial or for amendment of the judgment was denied on November 10, 1998. On November 20, 1998, husband filed a notice of appeal. This appeal was dismissed on September 10, 1999.

On November 9, 1999, husband filed a motion "pursuant to Rule 74 .06(b)" for relief from the November 10, 1998 order denying the motion for new trial on the grounds that the order was irregular. The trial court denied the motion on June 8, 2000. Husband appeals from that order, by notice of appeal filed on June 19, 2000.

■ Before we can reach the merits of this appeal, we must, as in all appeals, examine our jurisdiction. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000). Our jurisdiction derives from that of the circuit court. *Viehweg v. Mello*, 8 S.W.3d 187, 188 (Mo.App.1999). If the trial court does not have jurisdiction to consider the merits of a case, this court has no jurisdiction to consider an appeal therefrom. *Id.* The scope of a trial court's subject matter jurisdiction is a question of law which we review de novo. *Brady v. Brady*, 39 S.W.3d 557, 562 (Mo.App.2001). The parties have filed supplemental briefs on the question of jurisdiction.

■ A trial court retains jurisdiction over a case for thirty days after the entry of a judgment. Rule 75.01. If a timely after-trial motion is filed and not ruled on within thirty days after the judgment is entered, this time is extended to the earlier of ninety days or until the motion is ruled on. Rule 81.05; *Dept. of Labor & Indus. v. Ron Woods Mech*, 926 S.W.2d 537, 540 (Mo.App.1996). Unless applicable Supreme Court rules for relief from judgment are utilized, a trial court is without jurisdiction to entertain proceedings affecting the judgment after that judgment becomes final. *Cozart v. Mazda Distributors (Gulf), Inc.*, 861 S.W.2d 347 (Mo.App. 1993); *In re Marriage of Grigery*, 818 S.W.2d 738, 740 (Mo.App.1991).

■ Rule 74.06(b) provides that the trial court "may relieve a party or his legal representative from a final judgment or order for the following reasons: ... (3) The judgment is irregular...." Rule 74.06(c) specifies that such a motion does not affect the finality of a judgment or suspend its operation. The rule further requires that a motion filed for reason of irregularity must be filed within one year after the judgment was entered. Rule 74.06(b)(3) applies only to conduct occurring on or before the time the court enters its judgment. *Ron Woods*, 926 S.W.2d at 541. It reaches only procedural errors which, if known, would have prevented entry of a judgment. *Finley v. St. John's Mercy Medical Ctr.*, 958 S.W.2d 593, 597 (Mo.App.1998).

■ In this case husband sought to obtain relief under Rule 74.06(b)(3) from the order denying his motion for a new trial on the grounds that it was an irregular judgment. Rule 74.01(a) provides that "judgment," as used in the civil rules, "includes a decree and any order from which an appeal lies." The denial of a motion for new trial is not an appealable order. *Yaeger v. Olympic Marine Co.*, 983 S.W.2d

173, 185 (Mo.App.1998). Because the order denying husband's motion for a new trial was not a final appealable judgment, Rule 74.06(b)(3) did not apply thereto.

The judgment in this case became final on November 10, 1998, when the motion for new trial was denied. Husband's motion for relief from judgment was not based on an applicable Supreme Court rule. Accordingly, the trial court had no jurisdiction to entertain proceedings in this case after November 10, 1998.

A judgment entered without jurisdiction is void. *Settles v. Settles,* 913 S.W.2d 101, 103 (Mo.App.1995). If a judgment is void, we acquire jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal. *Id.* at 103–04.

Appeal dismissed.

MARY K. HOFF, C.J. and ROBERT O. SNYDER, SR. J., concur.