IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. NORDELL BUGGS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-D-3045     Carol Soloman, Judge**

_____

**No. M2000-02759-CCA-R3-CD - Filed November 9, 2001**

_____

Defendant contends that the evidence was insufficient to support the convictions of attempted burglary and possession of burglary tools. We affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Larry B. Felts, Nashville, Tennessee, for the appellant, Nordell Buggs.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams III, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Kymberly L. A. Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 13, 1999, defendant was indicted by a Davidson County grand jury on four charges: attempt to commit burglary, possession of burglary tools, possession of drug paraphernalia, and criminal impersonation. After a two-day trial, the jury found defendant guilty on all charges. At the close of the State's proof and at the end of all proof, counsel for defendant made an oral motion for a judgment of acquittal on the charges of attempt to commit burglary and possession of burglary tools. The motions were denied. After the verdict, counsel also filed a written motion for judgment of acquittal and request for a new trial. This motion was also denied.

Defendant was sentenced on July 27, 2000, and ordered to serve six years as a career offender for the attempted burglary conviction, eleven months and twenty-nine days at seventy-five percent for the possession of burglary tools and drug paraphernalia convictions, and six months at seventy-five percent for the criminal impersonation conviction. The sentences were ordered to be served consecutively. The sentences were stayed pending defendant's screening for the Davidson County drug court. On November 29, 2000, defendant's judgments were amended and he was placed in Community Corrections, the Residential Drug Court Program.

Defendant asserts that the State relied on circumstantial evidence alone in sending the case to the jury. On appeal, defendant contends that there was insufficient evidence to support his convictions of attempted burglary and possession of burglary tools.

## Facts

At approximately midnight on October 14, 1999, Sergeant Patrick Taylor of the Metropolitan Nashville Police Department was patrolling on Clarksville Highway in Nashville, Davidson County. He observed a station wagon parked next to Bert's Men's and Boys' Fashions (hereinafter, "Bert's") with its headlights off, its back hatch open, and its passenger door open. As the sergeant pulled his squad car into the parking lot in front of Bert's, he observed an individual run from behind the store and jump into the wagon's passenger seat. The wagon's headlights came on and the car exited the parking lot. The sergeant followed the car and reported the license plate number. The sergeant activated his emergency lights and siren, at which time defendant's vehicle led the officer on a ten- to twelve-mile pursuit through residential sections of the city at speeds between 30 and 40 miles per hour over the speed limit. Defendant's vehicle did not stop at any stop signs or stop lights, and the pursuit ended in a wreck.

Defendant was taken into custody and Mirandized. He told the sergeant that he was only urinating next to Bert's and claimed that he had only "hitched a ride" with the man driving the wagon. When asked for his name, defendant gave the name of his brother to the police. Upon effecting an arrest of defendant, officers found a car jack and a hammer between the two front seats of the station wagon in which defendant was a passenger. Additionally, the search of defendant yielded a recently broken screwdriver and a "crack" pipe in the pocket of a coat claimed by defendant. During an investigation of the scene of the attempted burglary, Sergeant Taylor observed recent damage done to the rear door of Bert's. The sergeant testified that the door was rusted where it had weathered. However, he testified that he saw a place where the rust had been knocked off and the metal was made shiny. In his opinion, this was caused by the use of a tool to pry the door open. He also noted a small piece of metal that matched the missing part from defendant's screwdriver. Additionally, the sergeant found no evidence that someone had urinated near Bert's on that evening. He testified that in the same vicinity as Bert's, there are at least three twenty-four hour businesses with public restrooms.

Bert's was not open at the time of the incident; defendant was not, nor ever had been, an employee of Bert's; and he was not authorized to be on the property on the night of the incident.

## Analysis

Defendant asserts that the evidence at trial was insufficient to support his conviction. When a defendant challenges the sufficiency of the evidence, this court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); State v. Duncan, 698

2

S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and to all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this court why the evidence is insufficient to support the verdict. State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court neither reweighs nor reevaluates the evidence. Cabbage, 571 S.W.2d at 835. Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. See Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). To the contrary, this court is required to afford the party prevailing at trial the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. See State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995) (citing State v. Herrod, 754 S.W.2d 627, 632 (Tenn. Crim. App. 1988)).

## A.     Conviction for Attempted Burglary

Defendant was convicted for attempted burglary. In Tennessee, a person commits burglary who,

> [w]ithout the effective consent of the property owner:
> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
> . . . .
> (b) As used in this section, "enter" means:
> (2) Intrusion of any part of the body; or
> (3) Intrusion of any object in physical contact with the body or any object controlled by remote control, electronic or otherwise.

Tenn. Code Ann. § 39-14-402. A person is guilty of criminal attempt who,

> acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101(a)(3).

We believe the evidence supports the conviction for attempted burglary. The testimony places defendant at the scene of the crime. Sergeant Taylor testified that he saw defendant run from the premises of Bert's and get into a station wagon that was waiting with its passenger door open. Defendant admitted to being on the premises for the purposes of urinating. However, this evidence was refuted by the testimony of the sergeant that there were no signs of urination at the scene.

We also note that defendant ran to the awaiting station wagon as Sergeant Taylor approached the premises. The car in which defendant was riding then led the sergeant on a ten-mile, high-speed pursuit through Nashville. A defendant's flight, coupled with other facts and circumstances, may be considered by a jury as evidence of guilt. State v. Zagorski, 701 S.W.2d 808, 813 (Tenn. 1985); Hall v. State, 584 S.W.2d 819, 821 (Tenn. Crim. App. 1979).

There were significant signs of attempted entry at Bert's. Sergeant Taylor testified that there was damage done to the rear door of Bert's where it appeared that someone tried to force an entry. The sergeant stated that the rust on the door was made shiny in some places indicating that someone used a piece of metal to pry open the door. He also found small metal shavings in the bolt itself. The sergeant testified that the presence of the shavings gave the appearance that someone used a metal object such as a screwdriver to break the lock and force an entry.

The sergeant also testified that he found a broken screwdriver in the coat pocket that defendant admitted he owned. Upon investigating the scene of the crime, the sergeant discovered a small piece of metal in the door at Bert's. The sergeant testified that this small piece of metal was consistent with the small piece of metal missing from the defendant's screwdriver. Though the record contains no forensic evidence, there is the uncontroverted testimony of Sergeant Taylor that the broken piece of metal found at the crime scene fit the broken screwdriver found in defendant's coat pocket. We find that the evidence is sufficient to uphold the conviction on the charge of attempted burglary.

## B. Conviction for Possession of Burglary Tools

In Tennessee, a person commits the offense of possession of burglary tools who,
> possesses any tool, machine or implement with intent to use the same, or allow the same to be used, to commit any burglary.

Tenn. Code Ann. § 39-14-701.

Defendant contends in his brief that just because he had a screwdriver and other tools, including the car jack and hammer, the State "theorized" that defendant must have used these tools for the purpose of breaking into a business. First, we again note Sergeant Taylor's testimony regarding the broken screwdriver piece found at the scene and the broken screwdriver found in defendant's coat pocket. Second, we note the testimony of Sergeant Taylor that the hammer and tire tool found in the car between defendant and the driver are commonly found in

4

cars.  However, as the sergeant pointed out, most people carry a tire tool in the trunk with the spare tire.  Additionally, there was no indication that the driver of the car was a laborer or had a toolbox to indicate that the hammer was used for labor or employment purposes.  Again, this testimony was uncontroverted.  We find the conviction on this count supported by the evidence and affirm.

## CONCLUSION

Accordingly, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE