STATE of Missouri ex rel. EUCLID PLAZA ASSOCIATES, L.L.C., Relator,

v.

Honorable David C. MASON, Circuit Court Judge Presiding in Division No. 31 of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. ED 80801.

Missouri Court of Appeals, Eastern District, Division Six.

May 14, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2002.

Application for Transfer Denied Aug. 27, 2002.

See also 55 S.W.3d 446.

Ryan S. Shaughnessy, St. Louis, MO, for Relator.

Kenneth D. Goins, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Relator, Euclid Plaza Associates, L.L.C. (Euclid Plaza), filed a petition for a writ of prohibition seeking to prohibit the enforcement of a contempt order entered by Respondent, the Honorable David C. Mason. Respondent filed suggestions in opposition. We issued a preliminary order in prohibition. Thereafter, Respondent filed an answer. We dispense with further briefing in the interest of justice. Rule 84.24(j). The preliminary order is now made absolute.

In July 1998, Euclid Plaza purchased the Euclid Plaza Office Building at a tax sale. In August 1998, the Institute, L.L.C. and the African American Law Firm L.L.C. (collectively referred to as the AALF) entered into a long-term lease with the prior owner of the office building. In September 1998, Euclid Plaza had the tax sale confirmed and received a sheriff's deed.

Subsequent to the confirmation of the tax sale, a dispute arose between Euclid Plaza and the AALF regarding the validity of the long-term lease executed by the AALF. Euclid Plaza asserted that the long-term lease was extinguished by the tax sale and the AALF asserted that the lease was valid and binding on Euclid Plaza. Acknowledging the dispute, Euclid Plaza and the AALF attempted to negoti-

ate the terms and conditions of a new lease. The negotiations reached an impasse after eight months. In September or October 1999, Euclid Plaza provided written notice to the AALF that the monthly rent would increase from $1,500 to $2,033 effective November 1, 1999.

On November 1, 1999, and each month thereafter, the AALF tendered $1,500 and refused to pay the increase in rent. Thereafter, Euclid Plaza filed suit for collection of past due rent and for possession of the leased premises from the AALF. The AALF filed a counterclaim and a second lawsuit for declaratory judgment. The matters were consolidated and tried before the Honorable David C. Mason. On July 27, 2000, Judge Mason entered a judgment in favor of Euclid Plaza and against the AALF finding that the AALF occupied the leased premises under an oral, month-to-month tenancy. Judge Mason awarded Euclid Plaza past due rent and possession of the leased premises. Judge Mason, however, stayed execution of the judgment for possession conditioned upon the payment of the past due rent and upon payment of $2.033.33 each month thereafter pending an appeal.

In September 2000, the AALF filed its notice of appeal and made the necessary payments into the court registry to stay execution of the judgment. On November 15, 2000, the AALF filed an amended motion to modify the amount of the supersedeas bond. On November 22 and again on November 28, 2000, Euclid Plaza served the AALF with written notice that it intended to increase the monthly rent from $2,033 to $3,500 effective January 1, 2001. On December 19, 2000, the AALF filed a motion to maintain the supersedeas bond. On January 29, 2001, this court denied the motion as "unnecessary" stating "the judgment of July 27, 2000 setting forth the terms of the stay remain in effect." On February 1, 2001, Euclid Plaza filed a motion to increase the amount of the supersedeas bond from $2,033 to $3,500, which was denied on February 5, 2001.

On September 18, 2001, this court issued its opinion affirming Judge Mason's judgment in *Euclid Plaza Associates, L.L.C. v. African American Law Firm, L.L.C.*, 55 S.W.3d 446 (Mo.App. E.D.2001), and subsequently issued its mandate affirming the judgment. On or about September 4, 2001, before the issuance of the appellate opinion, the AALF voluntarily vacated and surrendered possession of the leased premises.

In October 2001, Euclid Plaza filed a new suit to collect the past due rent accruing from January 2001 through September 2001. The AALF filed a motion to dismiss and/or for summary judgment alleging that the claim was barred by the doctrine of res judicata and by the posting of the supersedeas bond. The Honorable Michael Mullen, Associate Circuit Judge, denied the motion to dismiss and/or for summary judgment. Thereafter, the AALF filed a petition for writ of prohibition, which was denied on January 18, 2002. The cause was assigned to the Honorable Edward Sweeney, Associate Circuit Judge, presiding in Division No. 29 of the Circuit Court of the City of St. Louis, Missouri.

On January 24, 2002, the AALF filed its motion for civil contempt with Judge Mason requesting that Judge Mason find Euclid Plaza in contempt of court for violating the terms and conditions of the July 27, 2000 judgment and the order of the Missouri Court of Appeals Eastern District by increasing the amount of rent set by the judgment from $2,033 to $3,500. Judge Mason directed Euclid Plaza to appear and show cause why they should not be held in contempt. On February 7, 2002, Judge Mason conducted a hearing on the show cause order and found Euclid Plaza in

contempt. In granting the AALF's motion for contempt, Judge Mason stated in his written judgment, "[t]his Court finds [Euclid Plaza] to be in contempt of this Court and [Euclid Plaza] is HEREBY OR-DERED, to dismiss its action for unpaid rent against [the AALF]."

On February 25, 2002, Euclid Plaza filed a petition for a writ of prohibition asking this court to prohibit Respondent, Judge Mason, from enforcing his contempt order directing Euclid Plaza to dismiss its action pending in front of Judge Sweeney in Division No. 29 of the circuit court.

■ This court's power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. Generally, writs of prohibition are issued when they fall within one of three categories; 1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction, 2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated, or 3) where there is no adequate remedy by appeal. *State ex rel. Director of Revenue v. Mobley*, 49 S.W.3d 178, 179 (Mo. banc 2001). There is no right to appeal from an order of civil contempt where a sentence to jail or a fine has not been imposed or executed. *International Motor Co., Inc. v. Boghosian Motor Co., Inc.*, 870 S.W.2d 843, 847 (Mo.App. E.D.1993). Here, Judge Mason has neither imposed or executed a jail sentence or a fine and therefore, there is no adequate remedy by appeal and a writ of prohibition is proper.

In its petition for writ of prohibition, Euclid Plaza contends Judge Mason lacked subject matter jurisdiction to issue a show cause order and finding of contempt because (1) Euclid Plaza did not violate any express term of the stay order, (2) an action for civil contempt was moot because there was no pending action, (3) Judge Mason does not have the authority to enforce orders of the court of appeals, and (4) Judge Mason does not have the authority to enjoin or restrain another division of the Circuit Court of the City of St. Louis from proceeding with a lawsuit.[1]

■ Because it is dispositive, we will only address Euclid Plaza's first point. In its point, Euclid Plaza argues Judge Mason lacked subject jurisdiction to issue a show cause order and finding of contempt because Euclid Plaza did not violate any express term in the order staying the execution of the July 27, 2000 judgment. We agree.

Judge Mason's order staying the execution of the judgment reads as follows:

in the event an appeal is filed herein, execution on possession on the leased premises, know and numbered as 625 N. Euclid, Suite 340, shall be stayed upon the payment of the sum of $4,979.00 into the Registry of the Circuit Court of the City of St. Louis, Missouri, by the African American Law Firm, L.L.C. and the Institute, L.L.C. within thirty (30) days of the date of entry of this Final Judgment and upon the payment of the sum of $2,033.33 on the first of each month thereafter.

In its motion for contempt, the AALF maintained that Euclid Plaza violated the order by sending notice purporting to increase the rent and by filing suit contending it was entitled to additional rent. We do not find Euclid Plaza's actions to be

---

1. We note Judge Mason issued an oral pronouncement of contempt from the bench and then issued a written judgment. Some of Euclid Plaza's complaints come from Judge Mason's oral pronouncements. We, however, confine our analysis to the written judgment.

contemptuous under Judge Mason's stay order.

 Contempt is available only where a party has been ordered to perform or not to perform a specific act and yet refuses to do so. *State ex rel. Missouri Land Reclamation Com'n v. Calhoun*, 34 S.W.3d 219, 220 (Mo.App. E.D.2000). It is well established that a court may not, in a contempt proceeding, expand by implication an order of a trial court. *Id.* Before contempt may be found the conduct required by the court order must be "so specific and definite as to leave no reasonable basis for doubt as to its meaning." *Id.* (quoting *State ex rel. City of Pacific v. Buford,* 534 S.W.2d 819, 822 (Mo.App. 1976)).

 We cannot say Euclid Plaza's action violated any specific and definite provision of the stay order. The judgment specifically prohibited execution on the judgment for possession. However, the judgment did not expressly prohibit the acts undertaken by Euclid Plaza. First, the stay order did not expressly prohibit Euclid Plaza from sending a notice stating it was increasing the rent. Judge Mason maintains that his order and the orders of this court implicitly prohibited Euclid Plaza from raising its rent. We do not need to reach that issue. A party may only be held in contempt if it violates a specific direction of a judgment or order.

Furthermore, Euclid Plaza's act of filing its suit did not violate an express term in the stay order. In fact, the stay of execution was no longer in effect when the lawsuit was filed. Judge Mason's order merely stayed the execution on the judgment for possession; it did not specifically prohibit Euclid Plaza from sending a no-

tice to the AALF stating its rent would be raised or filing a lawsuit against the AALF contending it was entitled to additional rent. Because Judge Mason's order did not specifically prohibit Euclid Plaza's actions, no action for contempt may lie. Judge Mason therefore exceeded his jurisdiction by finding Euclid Plaza in contempt.

The preliminary order in prohibition is made absolute. The AALF's motion for sanctions is denied.[2]

AHRENS, J., and DRAPER, J., concur.

---

**2.** Nothing contained in this opinion or in the court's previous denial of the AALF's petition for writ of prohibition should be construed as an agreement with Euclid Plaza's contention that it is entitled to any additional rent.