David **RICHARDSON**,
Plaintiff/Respondent,

v.

The **JALLEN INVESTMENT GROUP,
INC., and Floyd Harris,**
Defendants,

and

Leo J. Hayes and Mary Ann Caton,
Defendants/Appellants.

No. ED 81500.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Mary Ann Caton, Girardeau, pro se.

Canice Timothy Rice, Jr., St. Louis, MO, for appellant Leo Hayes.

Donald V. Nangle, St. Louis, MO, for The Jallen Investment Group, Inc.

Floyd Harris, pro se (Deceased, formerly represented by Donald V. Nangle).

Richard Joseph Keyes and Elizabeth J. Martin, Co–Counsel, Fletcher, Patton & Keyes, Sunset Hills, MO, for David Richardson.

Before GLENN A. NORTON, P.J. and KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J.

PER CURIAM.

Leo J. Hayes and Mary Ann Caton (collectively Defendants) each appeal the judgment entered in favor of David Richardson on the various claims and counterclaims pursued in this litigation.[1] We dismiss the appeals because, under the circumstances, the trial court lacked subject matter jurisdiction to set aside its dismissal with prejudice of all the parties' claims and counterclaims more than thirty days after the entry of the dismissal.[2]

These appeals followed the trial court's entry of judgment in favor of Richardson on all claims and counterclaims. Hayes and Caton present eleven points on appeal. Because we find Caton's first point dispositive, we will not address the other points.

In her first point, Caton contends the trial court erred in setting aside its April 18, 2000 order dismissing all claims and counterclaims with prejudice, because it lacked jurisdiction to do so. Specifically, Caton urges the trial court lacked jurisdiction because the dismissal was a final judgment, more than thirty days had passed since entry of the dismissal, no authorized post-trial motion had been filed, no written motion for relief from judgment had been filed as required by Rules 74.03 and 74.06(b), and the trial court could not set aside the dismissal *sua sponte* without notice to defendants and an opportunity for them to be heard.

Here there is no question that on April 18, 2000, the trial court dismissed with prejudice all of the parties' claims and counterclaims. It is also clear that on May 24, 2000, the trial court set aside the April 18, 2000, dismissal and declared it "null and void and of no effect whatsoever." Moreover, it is undisputed that no written motion seeking an order setting aside the April 18, 2000, order had been filed by or served on any party before the trial court set aside the dismissal on May 24, 2000. After the trial court set aside the April 18, 2000 dismissal, the trial court and litigants pursued proceedings that resulted in the judgment in favor of Richardson on all claims and counterclaims that has been appealed.

We review *de novo* "[t]he scope of a trial court's subject matter jurisdiction [which] is a question of law." *Jeffery v. Jeffery*, 53 S.W.3d 173, 175 (Mo.App. E.D. 2001). When a trial court enters judgment without "jurisdiction, the judgment is void

---

**1.** Two other defendants, The Jallen Investment Group, Inc. and Floyd Harris, are not appellants in these appeals. The Jallen Investment Group, Inc. voluntarily dismissed its appeal. The trial court record reveals that Harris is deceased and no one has been substituted for him in this lawsuit.

**2.** In summary, our dismissal of these appeals leaves in full force and effect the trial court's April 2000 dismissal with prejudice of all the parties' claims and counterclaims. As we explain in this opinion, the trial court lacked jurisdiction to proceed with the matters pursued in this case more than thirty days after entry of that dismissal, because there was no effort to comply with Missouri Supreme Court Rules to challenge that dismissal.

and we acquire jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal." *Id.* at 176; *Kieffer v. Niemeyer*, 113 S.W.3d 300, 302 (Mo.App. E.D.2003).

■ During the thirty-day period after entry of a judgment, the trial court retains control over the judgment "and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01.[3] A trial court, however, lacks jurisdiction to entertain proceedings affecting a judgment after it becomes final, "[u]nless applicable Supreme Court rules for relief from judgment are utilized." *Jeffery*, 53 S.W.3d at 175. "A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1).

In resolving Caton's argument that the trial court was without jurisdiction to set aside the April 18, 2000 dismissal more than thirty days later in the absence of an appropriate written motion, we must first decide whether the April 18, 2000 dismissal constitutes a judgment. "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Rule 74.01(a); *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997); *Gregory v. Baker*, 38 S.W.3d 473, 475 (Mo.App. E.D.2001).

■ On April 18, 2000, the trial court enforced the parties' settlement by dismissing with prejudice all of the parties' claims in a one page document stating at the top of the page: "ORDER/JUDGMENT/MEMORANDUM," and signed by the trial judge under the words "So Or-

dered" at the bottom of the page. Specifically, the text of the document states:

Defendants['] motion to enforce settlement having been noticed by certified mail to DAVID RICHARDSON[;]

Defendants appear through counsel; plaintiff [Richardson] fails to appear; the [trial] court hearing argument and being fully advised[;] Accordingly,

IT IS ORDERED AND JUDGMENT IS ENTERED DISMISSING ALL CAUSES OF ACTION by parties plaintiff and defendant WITH PREJUDICE and at defendant's [sic] cost.

This April 18, 2000, dismissal constitutes a judgment. It was a writing that was signed by the trial judge, denominated a "judgment," and filed. Moreover, it clearly states in its text that "judgment is entered."

Because the trial court set aside this judgment of dismissal after it became final, or more than thirty days after entry of the dismissal, in the absence of a written or served motion under a relevant Missouri Supreme Court Rule, the trial court lacked jurisdiction to set aside the dismissal. *Jeffery*, 53 S.W.3d at 175. To the extent the trial court relied on any oral motion from Richardson on May 24, 2000 [4], to set aside the April 18 dismissal, such a motion is insufficient to extend the trial court's jurisdiction, because the motion was not "filed" as required by Rules 81.05, 74.03, and 78.04, or "served" as required by 74.06(c) with respect to motions "made" under Rule 74.06(b), *see Clark v. Clark*, 926 S.W.2d 123, 125 (Mo.App. W.D.1996).

To the extent the trial court subsequently characterized the April 18, 2000 dismissal as a "default," we disagree with that characterization because the case had been

---

3. Unless otherwise noted, all citations to Missouri Supreme Court Rules are to the 2000 version of those Rules.

4. We note there is no transcript of any proceedings conducted on May 24, 2004.

partially heard and then passed for settlement.

In a July 21, 2000 order resolving Hayes's motion to vacate the May 24, 2000 order setting aside the April 18, 2000 dismissal, the trial court mentioned that there was a "clerical error" in its May 24, 2000 order. Specifically, the trial court stated the indication in the May 24, 2000 order "that the dismissal was set aside on the [trial c]ourt's own motion, ... was in fact a clerical error in that the dismissal was set aside at the request of [Richardson]." Under the circumstances, we do not agree that the trial court's reported correction of the May 24, 2000, order was a "clerical error" that may have been subject to Rule 74.06(a). *See Steiner v. Vatterott*, 973 S.W.2d 191, 193 (Mo.App. E.D.1998). Regardless of its characterization, the trial court's attempted correction of the May 24, 2000, order does not affect our determination that, under the circumstances of this case, the trial court was without jurisdiction to set aside the April 18, 2000 dismissal, or to take any further action in this lawsuit, after that dismissal became final.

Due to our resolution of this point, we do not need to address Caton's argument that Defendants lacked notice and an opportunity to be heard before the trial court set aside the dismissal.

Because the April 18, 2000 dismissal of the parties' claims and counterclaims was a judgment, the trial court was without jurisdiction to set that dismissal aside, or to take any further action in this lawsuit, after the April 18, 2000 dismissal became final, due to the failure to comply with "applicable Supreme Court rules for relief from" that judgment.

Caton's point one is granted.

As a result of this disposition, we need not address any other points on appeal.

The appeals are dismissed.[5] As we noted earlier, our resolution of these appeals means that the April 18, 2000 dismissal with prejudice of all the parties' claims and counterclaims is the only trial court judgment remaining in full force and effect. All subsequent judgments and orders are deemed null and void.

**5.** Hayes's motion to join Caton's motion to strike respondent's brief and Caton's motion to file her reply brief without waiving motions to strike respondent's brief are granted. Hayes's amended motion to strike respondent's brief, Hayes's motion for sanctions for respondent's filing of defective brief, and Caton's motion to strike respondent's brief are denied.