STATE of Missouri, ex rel., BLAKE & DAVIS, LLC, and Steven G. Peterson, Individually, Relators,

v.

Honorable Matthew E.P. THORNHILL, Respondent.

No. ED 90900.

Missouri Court of Appeals, Eastern District, Writ Division Four.

March 18, 2008.

Matthew John Kallial, Saint Louis, MO, for Relator.

Daniel L. Goldberg, St. Charles, MO, for Respondent.

SHERRI B. SULLIVAN, Judge.

*Introduction*

Relators filed a Petition for Writ of Prohibition along with Suggestions in Support of the Petition and exhibits, alleging that the trial court was without jurisdiction to enter an Order and Judgment on January 28, 2008 purporting to substantively amend its judgment entered more than three months before on October 15, 2007. Kurt W. Ponzar, plaintiff in the cause of action below, filed a response to the Petition for Writ of Prohibition on February 14, 2008. We issued a Preliminary Order in Prohibition, to which Respondent was ordered to file his answer by March 3, 2008. No answer was filed. Accordingly, Respondent is in default. Because we find that the trial court was without jurisdiction to enter the January 28, 2008 Order and Judgment, our Preliminary Order in Prohibition is made absolute.

*Factual and Procedural Background*

Kurt W. Ponzar filed a petition, later amended, *pro se*, for breach of contract against Relators for an alleged unpaid debt to Kurt Ponzar & Associates, Inc. On May 9, 2007, the trial court entered a judgment in favor of Mr. Ponzar. On October 9, 2007, Relators filed a Motion for Relief from Judgment, asking the court to set aside the judgment as void and dismiss Mr. Ponzar's amended petition with prejudice, contending that pursuant to Section 484.020,[1] a corporation cannot practice law, conduct law business, act in legal matters or maintain litigation in person without being represented by a licensed attorney. Further, an officer of a corporation who is assigned the claims of that corporation cannot file and maintain an action *pro se* where the corporation itself is precluded from doing so without representation by a licensed attorney. *Property Exchange & Sales, Inc. v. King*, 822 S.W.2d 572, 573 (Mo.App. E.D.1992). The trial court agreed, and on October 15, 2007, dismissed Mr. Ponzar's amended petition with prejudice.

On December 27, 2007, Kurt Ponzar & Associates, Inc., by a duly licensed attorney, refiled the same cause of action against Relators. On January 22, 2008, Relators filed a Motion to Dismiss, alleging that the cause of action had been dismissed with prejudice on October 15, 2007, and therefore could not be refiled. On January 28, 2008, the trial court denied Relators' Motion to Dismiss, and upon its own motion, issued a modified Judgment "dismissing without prejudice" the previous case that had been dismissed with prejudice on October 15, 2007. On February 5, 2008, Relators filed the instant petition for Writ of Prohibition, asserting that the trial court was without jurisdiction to enter its January 28, 2008 judgment. On

1. All statutory references are to RSMo 2006, unless otherwise indicated.

February 14, 2008, Mr. Ponzar filed his response, with reasons in support of why the trial court did have jurisdiction to enter said judgment.

## Discussion

■ This court's power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. Generally, writs of prohibition are issued when they fall within one of three categories; 1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction, 2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated, or 3) where there is no adequate remedy by appeal. *State ex rel. Euclid Plaza Associates, L.L.C. v. Mason,* 81 S.W.3d 573, 576 (Mo.App. E.D.2002).

■ During the thirty-day period after entry of a judgment, the trial court retains control over the judgment "and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01.[2] A trial court, however, lacks jurisdiction to entertain proceedings affecting a judgment after it becomes final, unless applicable Supreme Court rules for relief from judgment are utilized. *Richardson v. Jallen Investment Group, Inc.,* 140 S.W.3d 112, 114 (Mo.App. E.D.2004). A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed. Rule 81.05(a)(1).

■ In the instant case, on January 28, 2008, Judge Thornhill rendered a judgment, *sua sponte,* purporting to amend and supplant a previous judgment he entered on October 15, 2007, by deleting the "with prejudice" portion of the October judgment's Dismissal and replacing it with "without prejudice." This purported amendment to the judgment was made without jurisdiction to do so, because the trial court lost its jurisdiction over the judgment thirty days after its entry, Rule 75.01, in the absence of any authorized after-trial motions. *Glandon v. Daimler Chrysler Corp.,* 142 S.W.3d 174, 177 (Mo. App. E.D.2004). *See also, Richardson,* 140 S.W.3d at 114. No such after-trial motions were filed.

Judge Thornhill's January judgment was not authorized by Rule 74.06(a) as a *nunc pro tunc* order, because the amendment was not merely for clerical correction, or as an equitable measure under Rule 74.06(b), as such relief is authorized only upon motion of a party. See Rule 74.06.

In *Barr v. Sanders,* 206 S.W.3d 393, 395 (Mo.App. W.D.2006), the Western District dealt with a similar, if not identical, problem when the trial court in that case *sua sponte* amended a judgment without prejudice to be with prejudice nearly ten months after the original judgment was entered, in order to assist the *pro se* party to facilitate an appeal to the appellate court. The Court held that the trial court was:

> [W]ithout jurisdiction to amend the October 2004 judgment from a judgment without prejudice to a judgment with prejudice. The trial court did not denominate the judgment on October 25, 2004, as being with prejudice, but the trial court *sua sponte* amended this judgment to be with prejudice on August 12, 2005—nearly ten months later.... [The Court concluded that] the mandate of Rule 75.01 is clear. Accordingly, this court has no choice but to reverse the trial court's judgment of Au-

2. All rule references are to Mo. R. Civ. P.2007, unless otherwise indicated.

gust 12, 2005. The trial court was without jurisdiction to take any action on the Barr petition following the dismissal without prejudice of October 25, 2004. *Id.*

### Conclusion

For the foregoing reasons, it is apparent that the procedural posture of the case *sub judice* deprived the trial court of jurisdiction to grant the measure of relief it attempted in January of 2008 to accord the party whose case had been dismissed with prejudice in October of 2007. As such, our Preliminary Order in Prohibition is made absolute. The trial court's Order and Judgment of January 28, 2008 in Cause No. 0611–CV07684 is hereby vacated.

MARY K. HOFF, J. and GLENN A. NORTON, J., concur.