**Dilfuza YUSUPOVA, Relator,**

v.

**Honorable Michael W. NOBLE, Respondent.**

**No. ED 105818**

Missouri Court of Appeals, Eastern District, WRIT DIVISION VII.

FILED: September 5, 2017

Rand E. Scopel, 12131 Dorsett Road, Suite 116, Maryland Heights, MO 63043, for appellant.

Denise Garrison McElvein, P.O. Box 861, St. Louis, MO 63188, for respondent.

KURT S. ODENWALD, Presiding Judge

### Introduction

Relator filed a Petition for Writ of Prohibition and Suggestions in Support alleging that the trial court lacked jurisdiction to enter its Order and Judgment on August 8, 2017, which vacated the Judgment of Dissolution of Marriage ("Dissolution Judgment") entered on December 1, 2016 and setting the matter for trial on September 7, 2017. We issued a Preliminary Order in Prohibition. Respondent timely filed his Answer and Suggestions in Opposition to the Petition for Writ of Prohibition.

Because we find that the trial court was without authority to enter the August 8, 2017 Order and Judgment, our Preliminary Order in Prohibition is made absolute.

### *Factual and Procedural Background*

This writ petition stems from a dissolution action filed by Ramzi Odisho ("Odisho") in the Circuit Court of the City of St. Louis. The Relator in this action, Dilfuza Yusupova ("Yusupova"), is the Respondent in the dissolution petition filed by Odisho. The dissolution action was set for trial on November 17, 2016. Odisho did not appear for trial. The trial court proceeded with the trial and adduced evidence in Odisho's absence. The trial court entered its order and judgment dissolving the parties' marriage and distributing the marital property to both Odisho and Yusupova on December 1, 2016.

On December 6, 2016, Odisho filed a motion to set aside the judgment and for new trial pursuant to Rules 74.06(b) and 78.08 of the Missouri Rules of Civil Procedure.[1] In his motion, Odisho alleged ineffective assistance of his retained counsel and explained that he left the courtroom prior to trial because he felt his counsel was unprepared for trial. Odisho asserted that his failure to appear for the scheduled trial was excusable neglect. The trial court denied Odisho's motion to set aside judgment and for new trial on December 13, 2016. Odisho did not appeal the trial court's Judgment and Order of December 13, 2016.

In early 2017, Yusupova filed a Motion for Contempt to force Odisho to comply with the trial court's Dissolution Judgment ordering Odisho to pay Yusupova substantial sums of monies for her share of the marital home and bank accounts, attorney fees, and to give her various items of personal property. At the time the Motion for Contempt was filed, this action had been reassigned to Judge Noble, Respondent herein, who did not preside over the trial and who did not enter the Dissolution Judgment. The trial court entered an order requiring Odisho to show cause why an order of contempt should not be entered against him and scheduled a hearing on the show cause order. Odisho appeared at the show cause hearing without counsel. At the hearing, Odisho again raised the issue of the ineffectiveness of his prior trial counsel, his poor understanding of English, and lack of legal knowledge. The trial court treated Odisho's statements as an "oral motion to set aside the judgment entered on December 1, 2016" and found that the facts and circumstances surrounding the previous judgment warranted the invocation of equitable considerations to avoid manifest injustice. The trial court then entered a judgment granting Odisho a new trial on all issues so that additional testimony could be adduced, new findings of fact determined, and a new judgment entered. The judgment also found Yusupova's Motion for Contempt moot and scheduled a new trial setting. It is from this Judgment that Yusupova seeks the entry of a Writ of Prohibition.

### *Discussion*

█ This Court's power to issue remedial writs is derived from Article V, Section 4.1 of the Missouri Constitution.

Generally, writs of prohibition are issued when they fall within one of three categories[:] 1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction, 2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the

---

1. All rule references are to Mo. R. Civ. P. (2016).

power to act as contemplated, or 3) where there is no adequate remedy by appeal. State ex rel. Blake & Davis. LLC v. Thornhill, 247 S.W.3d 590, 592 (Mo. App. E.D. 2008) (citing State ex rel. Euclid Plaza Assocs., L.L.C. v. Mason, 81 S.W.3d 573, 576 (Mo. App. E.D. 2002)).

 "During the thirty-day period after entry of a judgment, the trial court retains control over the judgment 'and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.'" Id. (quoting Rule 75.01). A trial court, however, lacks jurisdiction to entertain proceedings affecting a judgment after it becomes final, unless the court utilizes applicable Supreme Court rules for relief from judgment. Richardson v. Jallen Inv. Grp., Inc., 140 S.W.3d 112, 114 (Mo. App. E.D. 2004).

Here, Judge Noble entered a judgment on August 8, 2017, setting aside the Dissolution Judgment entered on December 1, 2016. Despite the trial court's good intentions to remedy what he viewed as an inequitable circumstance brought on by ineffective counsel and not Odisho, Judge Noble was without jurisdiction to do so. The trial court lacked authority to enter the August 8, 2017 judgment because the trial court lost its jurisdiction over the Dissolution Judgment thirty days after its entry. Id.; Rule 75.01. We note that within days after the entry of the Dissolution Judgment, Odisho properly filed an authorized after-trial motion seeking to set aside the Dissolution Judgment. In his after-trial motion, Odisho raised issues of excusable neglect or manifest injustice under Rules 74.06(b) and 78.08. However, Odisho's after-trial motion was denied by the trial court on December 13, 2016. The Dissolution Judgment became final January 3, 2017. Rule 81.05(a)(2)(B). Odisho could have appealed that judgment, but did not.

We further note that Judge Noble treated Odisho's statements at the hearing on order to show cause as an oral motion to set aside judgment and for new trial. However, any such oral motion is insufficient to extend the trial court's jurisdiction, because the motion was not "filed" as required by Rules 81.05, 74.03, and 78.04, or "served" as required by 74.06(c) with respect to motions "made" under Rule 74.06(b). Richardson, 140 S.W.3d at 114 (citing Clark v. Clark, 926 S.W.2d 123, 125 (Mo. App. W.D. 1996)).

### Conclusion

Because the Judgment of Dissolution entered on December 1, 2016 was final for more than thirty days after its entry, the trial court lacked authority to enter its judgment of August 8, 2017. The trial court's Order and Judgment of August 8, 2017 in Cause No. 1522-FC02892 is hereby vacated.

Philip M. Hess, J., concurs.

Robert M Clayton, III, J., concurs.