STATE OF MISSOURI, EX REL., FEDERATED METALS CORP. ET AL., APPELLANTS, v. EDGAR C. NELSON ET AL., RESPONDENTS.—117 S. W. (2d) 361.

Kansas City Court of Appeals. May 2, 1938.

*Moser, Marselek & Dearing* and *Jas. R. Sullivan* for appellant.

*Mason & Flynn, Covell R. Hewitt* and *S. F. Pinter* for respondent.

SHAIN, P. J.—In this cause the question of the jurisdiction of the Circuit Court of Cole County, Missouri, to exercise supervising control over the Missouri Workmen's Compensation Commission is presented for review.

The facts and circumstances giving rise to the question are as follows, to-wit: On May 15, 1936, one Judge Smith, an employee of the Federated Metals Corporation, St. Louis, Missouri, filed a claim before the commission asking compensation for occupational diseases alleged incident to his employment with said company in St. Louis, Missouri.

It appears that provisions as to occupational disease had been accepted by the parties. The Employers' Liability Assurance, Ltd., are the insurers.

On September 2, 1936, there was a hearing had before Ben L. White, referee, and October 5, 1936, a temporary or partial award was made in favor of claimant. The employer and insurer made application for review before the full commission and on February 6, 1937, the full commission upon review made a temporary or partial award. Thereafter further hearings appear to have been had, and on April 30, 1937, a temporary or partial award bearing the signatures of Edgar C. Nelson and Jay J. James, members of the Missouri Workmen's Compensation Commission, was duly entered of record. Within ten days after the rendition of such award, on the 7th day of May, 1937, the employer and insurer duly filed an application for review by the full commission, but on May 8, 1937, the commission advised that the award of April 30, 1937, was signed by the full commission and is not reviewable, and the commission would take no action upon the application.

In the proceedings before the commission the employer and insurer made claim and urged that the claim was barred because not filed with the commission within six months after accrual, if any, as provided in section 3337, Revised Statute Missouri 1929, and because claimant did not give to the employer notice (that he claimed to have contracted a disease while in its employ) within thirty days after he claimed to have contracted a disease while in its employ, as provided in section 3336, Revised Statute Missouri 1929.

The decision of the commission being against the employer and the award being temporary or partial, the employer being confronted with the fact that no appeal would lie, and being under obligation to pay the partial award or suffer penalty, resorted to *certiorari*.

On June 4, 1937, the employer and insured filed a verified petition for writ of *certiorari* addressed to the Honorable Judge of the Circuit Court of Cole County, Missouri. This petition was in due

form setting forth allegation that the Workmen's Compensation Commission, for reasons stated above, had not jurisdiction. The last three paragraphs of said petition are in words and figures as follows:

"Relators are without remedy against said erroneous award except by and through a writ of *certiorari* and cannot be relieved therefrom by the ordinary proceedings and processes of law.

"Wherefore, relators pray this Honorable Court to make an order for the issuance of and to cause to be issued, the State's writ of *certiorari* addressed to and directed against the Hon. Edgar C. Nelson, chairman, Hon. Jay J. James, member, and Hon. Frank J. Lahey, member, Missouri Workmen's Compensation Commission, commanding them, and each of them, to certify, or to cause to be certified, to this Court the record filed and made by said Commission in the case of Judge Smith, employee, v. Federated Metals Corporation, employer, and the Employers' Liability Assurance Corporation, Ltd., insurer, Accident No. K-58505, including the claim for compensation, the amended answer filed by the employer and insurer, the transcript of the evidence introduced before Referee Ben L. White, and the transcript of evidence introduced before Commissioner Orin H. Shaw, together with the temporary award entered of record by said Commission on April 30, 1937, the application for review filed on the 7th day of May, 1937, and the letter of the Commission, dated May 8, 1937, refusing to consider application.

"Relators further pray that upon final hearing and upon examination of the record, certified by said Missouri Workmen's Compensation Commission, pursuant to the writ of *certiorari,* this Honorable Court order and adjudge that said temporary award, rendered by said Missouri Workmen's Compensation Commission, be quashed and annulled and for naught held, and that this Court further order, decree and adjudge that said Commission is without jurisdiction to enter an award of compensation in this case in favor of said Judge Smith."

The circuit court granted said writ, and the following entry as to trial and judgment appears, to-wit:

"On October 8, 1937, during the October, 1937, Term of said court, said cause came on for hearing on the issues made up by said petition, return and motion to quash, and the Court, after examining said documents and hearing the arguments of counsel thereon, took the cause as submitted.

"On November 2, 1937, and during said October, 1937, Term of said court, the Court entered its order comfirming the order of the Missouri Workmen's Compensation Commission; which said order is as follows:

" 'November 2, 1937, order of Missouri Workmen's Compensation Commission affirmed."

"On November 3, 1937, and during the October, 1937, Term of said court, the Court entered of record the following order and judgment:

" 'November 3, 1937, order of November 2, 1937, affirming order of Mo. Workmen's Compensation Commission set aside.'

" 'Motion to quash sustained and award of Missouri Workmen's Compensation Commission affirmed.' "

From the aforesaid judgment, the employer and insurer appeal, and the cause was sent to this court.

The appellants contend that the Circuit Court of Cole County, Missouri, acted within its jurisdiction in issuing the writ, but make claim that the court erred in quashing the writ and affirming the award of the commission.

Respondents challenge the jurisdiction of the Cole county circuit court to issue the writ.

## Opinion.

The Missouri Workmen's Compensation Commission exercises *quasi*-judicial power, and is an inferior court to the circuit courts of this State. As a general proposition we see no reason why the circuit courts of Missouri do not have supervising control over the Workmen's Compensation Commission. It must be conceded that the proper method to exercise such supervising control is by writ of *certiorari*. However, it does not follow that the Circuit Court of Cole County has jurisdiction in the case at bar.

The fact that the Workmen's Compensation Commission is given jurisdiction to hear and determine claims for compensation arising in every county in this State, and the fact that such claims must be filed with the commission at its location at the state capitol located in Cole county, we conclude, does not not change the venue as to such claims from the county wherein said claims arise. If such were the case, then all appeals from the orders and decrees of the commission would go to the Circuit Court of Cole County, Missouri. While it is true that in claims filed before the commission the fact that same is filed out of time may be so definitely shown on the face of the claim filed that it may be determined as a matter of law that the claim is barred, still as to the matter of a disease the question as to the beginning of the disability is often a question of fact to be determined from the evidence.

The claim for compensation in the case involved herein was filed May 15, 1936. The beginning of the disability is alleged as November 16, 1935, which, if true, brings the claim within the statute. It follows that for the Cole county circuit court to decide the question of jurisdiction it must review the whole evidence, and determine as to whether or not there is substantial evidence upon which to base the findings of facts made by the commission. Further, under such cir-

cumstances this court on appeal must likewise review the evidence as to such issue of fact.

We conclude that, under the conditions presented in this case, the Circuit Court of St. Louis City is the court vested with the jurisdiction to review the evidence offered on the issue, and the St. Louis Court of Appeals is vested with jurisdiction to review upon appeal from said circuit court.

We conclude that there is no authority under the common law, and no authority vested by statute or judicial mandate which provides for a circuit court to have and exercise supervising control over an inferior court wherein such inferior court is exercising its judicial functions in matters wherein the venue of the cause does not lie in a county wherein said court has jurisdiction, and wherein said circuit court has neither jurisdiction of the parties nor of the subject-matter of the controversy.

If a *certiorari* had issued out of the Circuit Court of St. Louis City, in the case at bar, an entirely different situation would exist. However, this court it not called upon and will not undertake to determine as to the jurisdiction of the Circuit Courts of St. Louis City in the question at bar. We do, however, conclude that the Circuit Court of Cole County has no supervising control over the Workmen's Compensation Commission in matters wherein the claim for compensation arises in St. Louis City, Missouri.

The respondents herein base their contention that the Circuit Court of Cole County, Missouri, has not jurisdiction, on an entirely different theory than the theory upon which we base our conclusion. The respondents urge the point upon opinion in court (Kristanik v. Chevrolet Motor Co., 41 S. W. (2d) 911, l. c. 912), wherein the question involved was concerning review by writ of error.

The decisions in the above and like cases are based upon the fact that appeal is a matter of statute and that the only statutory provision for review of findings and decrees of the Workmen's Compensation Commission is by an appeal. The question of the constitutional right of supervising control was not involved. Regardless of reasons assigned in respondents' brief, it is the duty of this court to inquire into and determine as to its jurisdiction, and the failure of any court to make such inquiry and determination often leads to confusion. The appellants herein cite as authority to the contention that the Cole county circuit court had jurisdiction to issue its writ of *certiorari* in the case at bar State ex rel. New Amsterdam, etc., Co. v. Richardson, 61 S. W. (2d) 409.

The opinion in the above case was by this court and this court affirmed the judgment of the Circuit Court of Cole County, Missouri, wherein that court had issued its writ of *certiorari* to the Workmen's Compensation Commission as to matters arising out of claims filed by a citizen of St. Louis City, Missouri, growing out of matters oc-

curring in St. Louis City. The facts are that in New Amsterdam v. Richardson et al., *supra,* no question was raised as to the jurisdiction of the Circuit Court of Cole County, Missouri. In fact all parties appear as acquiescing in matters of jurisdiction. This court evidently failed to inquire into and determine an to the question of jurisdiction.

While, for reasons above stated, our conclusions herein may not be in direct conflict with the opinion in the above case, still insofar as same may be construed as in conflict our opinion in State v. Richardson, *supra,* is overruled.

Having concluded that the Circuit Court of Cole County, Missouri, did not have jurisdiction to issue its writ of *certiorari* in the case at bar, it follows that this court has no jurisdiction on appeal.

We conclude that the judgment rendered by the Circuit Court of Cole County in this case is a void judgment. In other words, *coram non judice.*

For reasons stated, the appeal in this case is dismissed. All concur.