Melba E. SHEPLER, Plaintiff,

v.

Edward R. SHEPLER, Defendant.

In the Matter of Terry Rae SHEPLER, an infant, and Kevin Lee Shepler, an infant: Otis Terrill Sayres and Lorena Sayres, Petitioners-Respondents,

v.

Edward R. SHEPLER, Defendant-Appellant.

No. 30766.

St. Louis Court of Appeals.

Missouri.

July 18, 1961.

J. Andy Zenge, Jr., Canton, for appellant.

Tom Brown, Jr., Edina, John B. Smoot, Memphis, for respondents.

BRADY, Commissioner.

Melba Shepler was divorced from the appellant, Edward R. Shepler, in 1955. In that action she was awarded custody of Terry Rae Shepler and Kevin Lee Shepler, and was also awarded the sum of $100 a month for their support. On July 24, 1960, Melba Shepler drowned. The children were taken to the home of their father's sister and stayed with her until after their mother's funeral, and then were taken to the home of their maternal grandparents, the respondents. Upon being informed of the mother's death, appellant stated he would come to see about getting the children. On July 28, 1960, respondents filed their "Petition for Custody" in the circuit court, in which they alleged that they were the maternal grandparents of the children who, at the date of filing, were nine and five years of age; that the children were now residing with them; that the decree of divorce had awarded custody of the children to the deceased mother; that the appellant lived in Phoenix, Arizona, and because of the nature of his work has to change his domicile and residence frequently; that since the date of the divorce in 1955 the appellant had visited the children "infrequently" and had never had the children stay with him overnight; and that while he had made occasional gifts of toys and clothing, on Christmas and birthdays, he had failed to pay to their mother the support money awarded. The petition further alleged the financial and moral responsibility of the respondents, and prayed the court to enter an order giving temporary custody of the children to the respondents pending a hearing on the petition, to determine whether or not they could be awarded permanent custody of the children.

On that same day a hearing was held in the Juvenile Division of the trial court, and temporary custody of the children was awarded to the petitioners. The cause was continued until September 6, for the hearing on the award for permanent custody. On September 6, 1960, the appellant filed his motion to modify the original divorce decree by which he alleged that he and his present wife had no children and desired to rear, educate and care for these two children by his former marriage. The motion to modify further alleged the good moral character and financial ability of the father to care for the children; that he and his wife would see that the children received love and affection and were given moral and religious training and provided with the necessary food, clothing and medical care. The appellant also alleged that under the law of Missouri he had the right to the custody of his children as the only surviving parent against the entire world, and he moved the court to modify the decree of divorce with respect to the provision made therein for the custody of the children and to award their custody to him. The judgment that was entered on September 15, 1960, recites that by agreement of counsel the motion to modify the divorce decree and the petition for hearing on 'the petition for permanent custody filed by the respondents "* * * are consolidated for trial * * *." The judgment entered by the trial court was that the petition to modify the decree of divorce with respect to the custody of the children was denied and the temporary award of custody to the respondents on their petition for custody filed in the Juvenile Division of the court was made permanent. The appellant filed a motion for new trial in each case, and upon those mo-

tions being overruled filed his notice of appeal and brings the case to us.

In view of our disposition of this case, it is unnecessary to state the testimony. Neither will we rule upon the propriety of the trial court's action in consolidating the case in its Juvenile Division with the motion to modify the divorce decree except to say that it is impossible to determine from this transcript exactly what did happen as to consolidation. In their briefs the parties refer to the consolidation and treat the cases as consolidated by the manner in which they style this appeal. In addition, the trial court's order of September 15, 1960, states that the cases " * * * are consolidated for trial * * *"; yet the transcript also discloses the following entry which immediately follows the filing on September 6 of the motion to modify: "Said motion to modify decree is hereby denied. Whereupon the cause proceeded to trial." It cannot be accurately determined therefore whether the trial court dismissed the motion to modify and tried this case on the petition for custody only, as indicated by the above entry, that matter being the only thing left for the court to act upon after denial of the motion to modify, or whether the causes were both tried as the parties indicate and as the order of September 15 recites.

■ While the language used in some of the cases is to the effect that where the trial court had no jurisdiction, the appellate court has none (see Cook v. Kurn, Mo.App., 124 S.W.2d 673, at page 674 [7]; Hausaman v. Bruce, 238 Mo.App. 1173, 185 S.W.2d 32, at page 33 [1]; Rone's Estate v. Rone, Mo. App., 218 S.W.2d 138 [3]; Stobie v. Stobie, Mo.App., 183 S.W.2d 609, at page 614 [1]; and see other cases collected in Missouri Digest, Appeal and Error, ☞20.) The better practice is to make clear that the appellate court has jurisdiction of the appeal but can not consider that appeal on its merits. State ex rel. Southwest Water Co. v. Public Service Commission, Mo.App., 173 S.W.2d 113, at page 115 [3]. It follows that

this court has jurisdiction of this appeal but that its jurisdiction does not extend to a determination of the appeal on its merits unless the trial court had jurisdiction to determine the issues presented on their merits. An inquiry into this question in this case discloses that the trial court had no jurisdiction to hear and determine either the petition for custody or the motion to modify.

■ The trial court had no jurisdiction to entertain the appellant's motion to modify the divorce decree for the reason that the divorced husband's motion after his former wife's death, to modify the divorce decree awarding the custody of the minor children to the deceased wife by awarding such custody to the husband, is void for want of jurisdiction. The theory is that the divoree action abates upon the death of either spouse so that the power of the divorce court over the custody of the child or children once and for all completely terminates. Schumacher v. Schumacher, Mo. App., 223 S.W.2d 841; In re Wakefield, Mo.App., 274 S.W.2d 345, affirmed 365 Mo. 415, 283 S.W.2d 467; In re Cole, Mo.App., 274 S.W.2d 601; State ex rel. Walker v. Crouse, 240 Mo.App. 389, 205 S.W.2d 749; 27B C.J.S. Divorce § 314; Missouri Digest, Divorce, ☞303(1).

■ Insofar as the petition for custody is concerned, it is first clear that the wording thereof in no way indicates that it is a preliminary step in the adoption proceeding. That word is not used in the petition nor is any language present which would give rise to any such inference. An additional reason this pleading can not be considered in the stream of adoption proceedings is that there was no investigation made as required by § 453.070 RSMo 1959, V.A.M.S.; State ex rel. M. L. H. v. Carroll, Mo.App., 343 S.W.2d 622, local citation page 627 [9]. Neither can the petition be regarded as a juvenile proceeding, even though the transcript shows that the preliminary hearing on the petition was had in the juvenile division of the trial court, and

the petition was filed and order entered in that proceeding. This is for the reason that it was not filed by the proper person authorized to file such a petition by § 211.-081 RSMo 1959, V.A.M.S. In the case of State v. Taylor, Mo.App., 323 S.W.2d 534, 537, the following was said concerning this same point:

"Under the new code the juvenile judge has great powers, but we think he does not have the authority to dispense with the filing of the petition, or to substitute an unauthorized person to file it. Even a court of general jurisdiction, while engaged in the exercise of a special statutory power, is a court of limited jurisdiction and its powers are confined strictly to the authority given by statute. A juvenile court is a legal tribunal limited in its jurisdiction by the statute law which establishes it, and the deprivation of parental custody must be in accordance with the due process fixed by such statutes. Jurisdiction to render a judgment is conferred only by the filing of a petition. And a judgment, rendered in a civil, criminal or juvenile case, without a valid petition, information or affidavit, as the case may be, which is a statutory requirement for commencement of the proceeding, is void for the reason that the court has no jurisdiction."

Accordingly, the trial court had no jurisdiction of that proceeding either.

What we have held herein does not mean that the parties are without a remedy. The proper method of procedure in cases of this nature is repeatedly ruled upon in the cases cited herein. It is to be regretted that the parties in a proper proceeding will have to again try the same question upon which they joined issue in this case, but since the trial court was without jurisdiction to hear the merits of either the motion to modify the divorce decree or the petition for custody filed in the juvenile proceeding, its judgment was void. State ex rel. Federated Metals Corporation et al. v. Nelson et al.,

233 Mo.App. 268, 117 S.W.2d 361, at page 364 [6].

The judgment should be reversed and the cause remanded to the trial court with directions to enter its order dismissing both the petition for custody and the motion to modify.

The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The Judgment is therefore reversed and the cause is remanded to the trial court with directions to enter its order dismissing both the petition for custody and the motion to modify.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.