Mildred **SCHOBERT**, Millicent Kalil, Beulah Bartlett, and Mary Lee Boutcher, Plaintiffs–Respondents,

v.

**D. PELFRESNE** and S. Eisenberg, Defendants–Appellants.

Nos. 24611, 24690.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 9, 2002.

John Alpers, Jr., Cabool, for appellant.

No appearance by respondents.

JAMES K. PREWITT, Presiding Judge.

By their Petition to Remove Cloud and to Quiet Title, Plaintiffs–Respondents claimed a possessory interest in and to certain real estate located in Texas County. Defendants–Appellants counter-claimed for ejection. In August of 2000, the parties reached a settlement which they submitted to the trial court for its approval and for a judgment to be entered accordingly. Judgment was entered on October 4, 2000.

On November 1, 2000, Appellants filed a Motion to Vacate the Original Judgment on the grounds that the original judgment contained an incomplete legal description of a parcel of property and did not reflect the agreement of the parties as submitted to the trial court. The motion stated that all attorneys representing the parties to this action were in agreement that the legal description in the original judgment was erroneous and were agreeable to the substitution of an amended judgment provided by Appellants.

The trial court vacated the original judgment by its order filed November 3, 2000, and set a hearing date for November 7, 2000. A hearing was held, and the amended judgment was filed on the same date.

On September 6, 2001, one of the Respondents filed an application for execution, and a writ of execution was issued. A petition for quashing of execution was filed on October 4, 2001. On October 9, 2001, a hearing was held wherein the motion to quash execution was sustained. At the same time, the trial court made a docket entry "correcting" the legal description in the Amended Judgment filed on November 7, 2000.

The following is the portion of the October 9, 2001 docket entry relevant here:

Parties appear by counsel (in Rolla); Motion to quash execution and sale sustained; Defs ordered to deposit $10,000.00 with court; legal description in Amended Judgment paragraph (2) two is corrected to include these words after "the center line of Pine Creek": "as said centerline is described in paragraph one above and as per survey thereof admitted into evidence in this case."

On October 23, 2001, Appellants filed a motion requesting that the trial court vacate that portion of its order of October 9, 2001 correcting the legal description. Appellants contended it was error for the description to be changed to reflect "a fixed line using degree calls and distances" to locate the center line of a creek named in the description because the center line "is a fluid and constantly changing line due to the action of the water[,]" and as changes in the creek occur over time, "the degree calls and distances will no longer be correct." Further, Appellants alleged that the trial court's docket entry ordering the correction of the legal description was "error because the change was made with-

out notice of motion, without a written motion, and without the consent of the [Appellants]." On November 30, 2001, a hearing was held wherein the trial court allowed Appellants to make a record regarding the motion, although the trial judge refused to rule upon the motion, stating, "I don't believe I have jurisdiction to do so."

Appellants present one point relied on, contending that the trial court erred in amending the legal description in the amended judgment in that the court had lost jurisdiction to do so because more than thirty days had passed since the judgment was entered.[1]

■■■ Rule 75.01 provides that a trial court retains its jurisdiction over a case for thirty days after entering judgment. Unless applicable Supreme Court rules for relief from judgment are utilized, a trial court is without jurisdiction to entertain proceedings affecting the judgment after that judgment becomes final. *Cozart v. Mazda Distributors (Gulf), Inc.*, 861 S.W.2d 347, 352 (Mo.App.1993).

■■■ This Court's jurisdiction derives from that of the circuit court. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo. App.2001). "A judgment entered without jurisdiction is void." *Id.* at 176. A void judgment is defined as follows:

One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which, from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in manner inconsistent with due process. *K & K Investments, Inc. v. McCoy*, 875 S.W.2d 593, 596 (Mo.App.1994) (citing BLACK'S LAW DICTIONARY 1574 (6th ed.1990)).

■■■ On the record before us, no request for the amendment was made and no notice of a proposed change was given to Appellants. Therefore, the amendment of the description is void. If the trial court does not have jurisdiction to consider the merits of a case, this Court has no jurisdiction to consider the merits of an appeal where an appeal will not lie. *Burch Food Services, Inc. v. Mo. Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App.1997). Therefore, this Court "acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal." *Id.* (citing *Settles v. Settles*, 913 S.W.2d 101, 103–04 (Mo.App.1995)).

The portion of the trial court's order of October 9, 2001, purporting to amend the legal description in the amended judgment is void. The trial court had no jurisdiction to amend the judgment.

The appeal is dismissed.

PARRISH, J., and SHRUM, J., concur.

---

1. No brief was filed by Respondents. While there is no penalty for that omission, this Court must adjudicate Appellant's claim of error without the benefit of whatever argument, if any, Respondents could have made in response to it. *In re Marriage of Jennings*, 994 S.W.2d 78, 79 n. 1 (Mo.App.1999).