**STATE ex rel., Joseph W. TOTH, Relator,**

v.

**Honorable Dan B. DILDINE, Judge, Circuit Court of Lincoln County, Missouri, Respondent.**

**No. ED 88218.**

Missouri Court of Appeals, Eastern District, Writ Division Five.

July 18, 2006.

James D. Burlison, McIlroy and Millan, Bowling Green, MO, for Relator.

Jeffrey A. Robertson, Warrenton, MO, for respondent.

KENNETH M. ROMINES, Presiding Judge.

Relator seeks a Writ of Prohibition. Previously we granted the preliminary writ. We now make the writ absolute.

On 18 November 2004, the Circuit Court of Lincoln County, Hon. Dan B. Dildine, entered an Amended Judgment and Decree of Dissolution in the marriage of Relator Joseph W. Toth, and Dina Toth. In this judgment, Judge Dildine awarded Dina Toth, *inter alia*, a "30 foot wide road easement" across seventy acres of property, and ordered this property sold, and the proceeds distributed.

Following Relator's Motion for Civil Contempt against Dina Toth for her failure to sell the property, Judge Dildine entered another Order, on 10 February 2006, which ordered the property's sale. Dina Toth and the sale master advertised the property as being subject to an exclusive easement. Relator filed a Motion for a Stay Order and to Amend, which asked Judge Dildine to prohibit the sale subject to an exclusive easement. The Court denied the motion on 14 June 2006, and added: "The Court hereby classifies the easement previously granted to [Dina Toth] as being an exclusive easement."

A writ of prohibition is not issued as a matter of right; rather, whether a writ should be issued in a particular case is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990); *State ex rel. Boyle v. Sutherland,* 77 S.W.3d 736, 737 (Mo.App. E.D.2002). "[P]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of Revenue, State of Mo. v. Gaertner,* 32 S.W.3d 564, 566 (Mo. banc 2000); *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986).

Rule 75.01 states as follows: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." See *Puisis v. Puisis,* 90 S.W.3d 169, 171–72 (Mo.App. E.D.2002). However, once this time period expires, the judgment becomes final, and the trial court is without jurisdiction to amend it. *Schobert. v. Pelfresne,* 91 S.W.3d 692, 694 (Mo.App.

S.D.2002). If a timely authorized post-trial motion is filed, the thirty-day time period extends to ninety days. Rule 78.06 and 81.05; *Puisis* at 171–72.

Judge Dildine entered his amended judgment on 18 November 2004. No timely post-trial motions were filed. As such, the judgment became final thirty days later, on 18 December 2004. When Judge Dildine amended the judgment on 14 June 2006 and changed the easement to an exclusive easement, more than one year after the original judgment became final, he acted outside his jurisdiction.

The Preliminary Order in Prohibition is made absolute, and Judge Dildine's 14 June 2006 Order is null and void. The parties are prohibited from advertising the property as subject to an exclusive easement.

GARY M. GAERTNER, SR., J. and GLENN A. NORTON, J., concur.