**Jack BARR, Appellant,**

v.

**Mike SANDERS, et al, Respondent.**

**No. WD 66091.**

Missouri Court of Appeals,
Western District.

Nov. 21, 2006.

Jack Barr, Kansas City, MO, Appellant Pro Se.

James F. Kanatzar, Kansas City, MO, for Respondents Sanders, Kanatzar, Hunt, Vincent, Wagoner and McDaniels.

Barbara A. Frazier, Kansas City, MO, for Respondent Jackson County.

Before LOWENSTEIN, P.J., SPINDEN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

## I.

Appellant Jack Barr ("Barr") appeals from an August 12, 2005 judgment granting Respondent Jackson County's ("County") motion to dismiss, and the court's granting a dismissal with prejudice to all defendants for failure to state a claim. Barr has acted *pro se* in this suit against the County, the elected Jackson County Prosecutor, and the Office of the Jackson County Prosecutor, which he filed on July 22, 2004. The underlying facts supporting Barr's petition are somewhat vague. Barr alleged that the Jackson County Prosecutor wrongfully declined to file criminal charges in a robbery and the rape of his daughter that allegedly occurred at Barr's home in August 2002. Barr contends that the actions of the Prosecutor and individual defendants on his staff violated his constitutional rights and constitute sufficient grounds to compel a forfeiture of the office of Prosecutor.

The procedural history of this case is confusing at best.[1] On October 25, 2004, the trial court entered a judgment and order granting County's motion to dismiss and dismissed Barr's petition as to all defendants. Barr filed a motion to vacate and set aside the trial court's judgment and order, which the trial court denied. Barr then filed a series of motions, including a request for sanctions and enlargement of time, but on December 7, 2004, the trial court dismissed all of Barr's motions as moot and declared the case closed for all purposes other than appeal. Barr promptly appealed to this court. On April 6, 2005, this court dismissed Barr's appeal for lack of jurisdiction because no final,

appealable judgment had been entered as the petition was not dismissed with prejudice.

On August 12, 2005, nearly ten months after the trial court had dismissed Barr's petition as to all defendants (October 25, 2004), the trial court *sua sponte* amended the October 2004 judgment to a judgment dismissing the cause with prejudice. There had been no activity in this case since the April 2005 mandate from this court dismissing Barr's appeal. Barr then filed requests to vacate, reopen, and a motion for "Relief from Judgment and Orders." The trial court denied Barr's motions on October 12, 2005, and Barr appealed to this court.

Barr's first brief was stricken because of numerous Rule 84.04 violations. His amended brief, now under review, is even more difficult to understand. This court has attempted to decipher the points.

## II.

Under Rule 75.01, a trial court retains control over a judgment for thirty days after the judgment was entered. After giving the parties an opportunity to be heard, and for good cause, the trial court may vacate, reopen, correct, amend or modify its judgment during that thirty-day period. Rule 75.01. Once this thirty-day period expires, the judgment becomes final, and the trial court is without jurisdiction to amend it. *Schobert v. Pelfresne*, 91 S.W.3d 692, 694 (Mo.App.2002). Rules 78.06 and 81.05 provide for an extension of the trial court's control over a judgment, from thirty days to ninety days, after a timely authorized after-trial motion is filed.

---

1. Given the confounding, circuitous procedural history of this case and the tenuous nexus between much of that history and the instant decision, this court has attached a chronology of events as Appendix 1. This chronology illustrates the challenges trial courts sometimes face when administrating *pro se* litigation. In the main opinion, this court discusses only the procedural steps directly implicated by this appeal, for the sake of clarity.

*Puisis v. Puisis,* 90 S.W.3d 169, 172 (Mo. App.2002). The trial court retains the same degree of control over the judgment during this ninety-day period as that provided in Rule 75.01. *Id.*

In the case at bar, the trial court was without jurisdiction to amend the October 2004 judgment from a judgment without prejudice to a judgment with prejudice. The trial court did not denominate the judgment on October 25, 2004, as being with prejudice, but the trial court *sua sponte* amended this judgment to be *with* prejudice on August 12, 2005—nearly ten months later. Rule 67.01 states, "A dismissal without prejudice permits the party to bring another civil action for the same cause[.]" Unless designated otherwise, a judgment is without prejudice, and a judgment without prejudice is not a final judgment and, therefore, not appealable. *Chromalloy American Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). "Stated another way, a dismissal without prejudice that a plaintiff may cure by filing another suit in the same court is not a final judgment from which an appeal may be taken." *Id.* at 4, (citing *Turnbow v. Southern Ry. Co.,* 768 S.W.2d 556, 558 (Mo. banc 1989)). Therefore, the court's October 2004 judgment merely permitted Barr to refile a petition, not to relitigate the petition that had been dismissed.[2] *Mahoney v. Doerhoff Surgical Servs.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

The trial court was likely trying to assist Barr in his attempt to litigate this matter *pro se* by amending its judgment in order to facilitate an appeal to this court. However, the mandate of Rule 75.01 is clear. Accordingly, this court has no choice but to reverse the trial court's judgment of August 12, 2005. The trial court was without jurisdiction to take any action on the Barr petition following the dismissal without prejudice of October 25, 2004. The judgment of August 12, 2005, is reversed.

All concur.

## Appendix

| Date | Description |
| --- | --- |
| 07/22/04 | Appellant Jack Barr, acting pro se, files a sixteen-page petition against the elected Jackson County Prosecutor, named members of the Office of the Jackson County Prosecutor (henceforth collectively referred to as "Prosecutor"), and Jackson County, Missouri ("County"). He sought relief under 42 U.S.C. §1983, specifically damages and ouster of the prosecutor under Sections 106.220 through 106.250, RSMo. |
| 09/08/04 | Barr files a motion for default judgment. |
| 09/14/04 | The trial court denies Barr's motion for default judgment filed on 9/8/04. |
| 09/16/04 | Prosecutor and County answer Barr's petition, and Prosecutor files a motion to dismiss for failure to state a claim upon which relief can be granted. |
| 09/17/04 | Barr files another motion for default judgment. |
| 09/23/04 | Barr files his reply to Prosecutor and County's answers. |
| 09/27/04 | The trial court denies Barr's motion for default judgment filed on |
| 10/01/04 | County files a motion to dismiss with prejudice for failure to state a claim upon which relief can be granted. |

**2.** This court notes, without deciding, that Barr may face potential *res judicata* issues in any attempt to refile this petition. "While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations." *Elrod v. Stewart,* 163 S.W.3d 587, 591 (Mo.App.2005).

| | |
|---|---|
| 10/05/04 | Barr files reply to Prosecutor's motion to dismiss. |
| 10/14/04 | Barr files reply to County's motion to dismiss. |
| 10/22/04 | The trial court grants County's motion to dismiss and sua sponte dismisses Barr's petition as to all defendants. |
| 10/25/04 | **The trial court enters a judgment/order granting County's motion to dismiss and dismissing the petition as to all defendants. The judgment does not denominate the judgment with prejudice.** |
| 10/26/04 | Barr files a motion for sanctions against Defendants Jim Kanatzer, Ted Hunt, and Michelle McDaniels. |
| 10/28/04 | Barr files a motion to vacate and set aside the judgment granting County's motion to dismiss and dismissing the petition as to all defendants. Barr also files a request to amend his pleadings. 10/29/04-Barr files a request for the trial court to report misconduct of the defendants to the Office of Chief Disciplinary Counsel in Jefferson City, Missouri, citing violations of ethics rules and Rules of Civil Procedure as well as an "ongoing conspiracy" to violate federal and state laws and the "rights" of Barr and his family. |
| 11/01/04 | Barr files a request for enlargement of time as well as for judgment on the pleadings. |
| 11/02/04 | The trial court denies Barr's 10/28/04 motion to vacate and set aside the judgment granting County's motion to dismiss and dismissing the petition as to all defendants. |
| 11/12/04 | Barr files a request for findings of fact and conclusions of law with regard to the trial court's 11/2/04 order denying Barr's motion to vacate and set aside the judgment. |
| 11/15/04 | Barr files a request and a motion to set aside the judgment dismissing Barr's petition. |
| 11/29/04 | Barr files an addendum to his request to set aside the judgment dismissing Barr's petition. |
| 12/07/04 | The trial court dismisses all of Barr's motions as moot. The court deems the case closed for all purposes except as required for a possible appeal to the Missouri Court of Appeals and states that no additional motions filed by Barr will be considered or ruled upon. |
| 12/10/04 | 12/10/04-Barr files notice of appeal. |
| 04/06/05 | **This court dismisses the appeal for lack of jurisdiction because the trial court's dismissal of October 25, 2004 was without prejudice.** |
| 08/12/05 | **The trial court enters an order amending its 10/25/04 judgment granting County's motion to dismiss and dismissing the petition as to all defendants.** |
| 08/22/05 | Barr moves to vacate, reopen, and request relief from judgments and orders. Barr also requests a change of venue and change of judge. |
| 10/03/05 | Barr renews his request for relief from "each and every judgment and/or orders given in this said action" and again files a request for change of venue and judge. Barr also requests a hearing. |
| 10/13/05 | Trial court denies Barr's request for a hearing and motions for change of judge and venue. |
| 10/24/05 | Barr files notice of appeal. |