

# Missouri Court of Appeals

## Southern District

### Division One

JOHN STEVEN LIST, )
)
    Petitioner-Respondent, )
)
vs. ) No. SD33623
)
DIRECTOR OF REVENUE, ) **Filed: Sept. 22, 2015**
STATE OF MISSOURI, )
)
    Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron G. Koeppen

### REVERSED AND REMANDED WITH INSTRUCTIONS

The Director of Revenue of the State of Missouri ("Director") appeals from the trial court's purported September 23, 2014 judgment granting the petition of John Steven List ("Driver") to reinstate his driver's license following an administrative revocation for failing to submit to a breathalyzer test. We cannot reach the merits of Director's claim because the trial court had no authority to enter the purported September 23, 2014 judgment as a prior judgment entered on June 16, 2014, was controlling.

## **Factual and Procedural Background**

On January 24, 2014, Police Officer Bobby McCrorey ("Officer McCrorey") arrested Driver for driving while intoxicated, subsequently determined Driver refused to submit to a chemical test for blood alcohol content, and then issued Driver a notice of the administrative revocation of his driver's license. Driver filed a petition to review the revocation.

Trial began on May 16, 2014. During the trial, the court decided to continue the hearing to allow both parties an opportunity to provide written arguments regarding an evidentiary issue.

On June 16, 2014, without further hearing, the trial court entered a judgment denying Driver's petition. Copies of the June 16, 2014 judgment were sent to the parties on June 19, 2014. No after-trial motions were filed. On July 18, 2014, thirty-two days after the June 16, 2014 judgment was entered, the trial court purported to set aside the June 16, 2014 judgment via docket entry. The July 18, 2014 docket entry states as follows:

> Hearing Continued/Rescheduled
> Atty Mark Ausmus appears on behalf of Respondent. Court reviews file and finds that cause was continued for additional evidence. Judgment is set aside. Cause is continued to August 22, 2014 at 9:00 am. Order Staying Revocation is entered and filed. AGK/gt

Another hearing was held on August 22, 2014, at which time additional evidence was adduced. The trial court purported to enter another judgment on September 23, 2014, reversing its previous ruling and ordering reinstatement of Driver's driving privileges. Director appeals from the purported September 23, 2014 judgment.

2

**Discussion**

Although neither party raised the issue, we must first determine whether we have authority to consider the merits of this appeal. *In re Estate of Shaw*, 256 S.W.3d 72, 74 (Mo. banc 2008). We determine we do not.

The trial court's authority in this case is governed by Rule 75.01.[1] Under that rule, "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment[.]" Rule 75.01. "Once this thirty-day period expires, the judgment becomes final[.]" *Barr v. Sanders*, 206 S.W.3d 393, 394 (Mo. App. W.D. 2006). The thirty-day period may be extended if a party files a timely, authorized after-trial motion. *Id.* However, absent such a motion, a trial court may not later "entertain proceedings affecting a judgment." *State v. Callies*, 389 S.W.3d 249, 252 (Mo. App. E.D. 2012).

In the present case, the trial court entered a judgment denying Driver's petition on June 16, 2014. The June 16, 2014 judgment was a valid judgment which complied with Rule 74.01(a). Neither party filed a timely, after-trial motion to set aside the judgment. Nor was this a mere clerical error which the trial court could correct on its own at any time.[2] Rather, this was a final judgment. Thus, the trial court lost control over the judgment as of July 16, 2014, and it was without authority to set aside the June 16, 2014 judgment through its July 18, 2014 docket entry. As a result, this Court has no authority to consider

---

[1] All rule references are to Missouri Court Rules (2015).

[2] Rule 74.01 allows a trial court, on its own initiative or on the motion of a party, to correct a clerical mistake in a judgment at any time. Rule 74.01(a). "This rule is the modern codification of the trial court's power to grant an order *nunc pro tunc* to correct clerical mistakes." *Johnson v. Brown*, 154 S.W.3d 448, 452 (Mo. App. S.D. 2005). However, "[c]lerical errors do not include judicial errors and the rule may not be used to enter a judgment different from that judgment actually made even if the judgment made was not the judgment intended." *Hassler v. State*, 789 S.W.2d 132, 133-34, (Mo. App. E.D. 1990).

3

the merits of the questions addressed in the parties' briefs regarding the purported September 23, 2014 judgment.

Where a trial court enters an order which it has no authority to enter, the appellate court's "role is limited to correcting the actions taken by the trial court in excess of its authority." *Hart v. Impey*, 382 S.W.3d 918, 921 (Mo. App. S.D. 2012). That is, "the appellate court has jurisdiction of the appeal but cannot consider that appeal on its merits." *Shaw*, 256 S.W.3d at 77 (quoting *Shepler v. Shepler*, 348 S.W.2d 607, 609 (Mo. App. St.L. Dist. 1961)). In such cases, the appellate court should reverse the judgment and remand with instructions that the order be stricken. *Id.*

## Conclusion

The June 16, 2014 judgment is the final judgment in this case. The case is remanded with instructions to vacate the purported September 23, 2014 judgment and all orders entered after July 16, 2014.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS