

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | |
|---|---|
| STATE OF MISSOURI EX REL. WILLIE JAMES NUTALL, | No. ED111143 |
| Respondent, | Appeal from the Circuit Court of the City of St. Louis |
| vs. | 1822-CC11365 |
| MISSOURI DEPARTMENT OF CORRECTIONS, | Honorable Joan L. Moriarty |
| Appellant. | Filed: July 18, 2023 |

Kelly C. Broniec, C.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

This matter involves a permanent order in mandamus issued by the trial court to appellant Missouri Department of Corrections (Department) requiring the Department (1) to remove the dangerous felony designation from respondent Willie Nutall's record as to his conviction for first-degree domestic assault and (2) to recalculate Nutall's parole eligibility absent such designation. The trial court granted Nutall's petition in mandamus because first-degree domestic assault was not listed as a dangerous felony in section 556.061[1] at the time of Nutall's 2002 conviction, so it was not a dangerous felony for purposes of parole eligibility calculation.

---

[1] All statutory references are to the Revised Statutes of Missouri (2002) unless otherwise indicated.

In this appeal, the Department asserts that the preliminary order in mandamus along with the petition were not served on the Department in accordance with Rule 94.05,[2] and as a result the trial court lacked personal jurisdiction over it and the permanent order in mandamus is void. We agree and reverse.

## Background

Nutall was convicted in 2002 of first-degree domestic assault in violation of section 565.072 and sentenced to twenty-five years in the Department of Corrections. In 2016, Nutall filed an action in the Cole County Circuit Court in which he sought the court's declaration that his first-degree domestic assault conviction was not a dangerous felony under section 556.061 because it was not listed as such in that statute. The court ruled against him and the Western District of this Court affirmed in *Nutall v. Missouri Department of Corrections*, 2017 WD 81241, at *6 (Mo. App. W.D. Aug. 7, 2018) (Mem.), which relied in part on the decision in *Mann v. McSwain*, 526 S.W.3d 287, 290–92 (Mo. App. W.D. 2017), for its holding that despite first-degree domestic assault's absence from the list of dangerous felonies in the pre-2003 version of section 556.061, it should still be considered a dangerous felony.

On October 9, 2018, Nutall filed the current action that is before us, a petition in mandamus in the Circuit Court of the City of St. Louis, in which he sought for the same reasons he raised in Cole County, the court's order that the Department remove from its records the dangerous felony designation attached to his domestic assault conviction because it was not listed as a dangerous felony under section 556.061 at the time of his 2002 conviction.

---

[2] All rule references are to Missouri Supreme Court Rules (2022).

On January 4, 2022, the trial court issued its amended preliminary order in mandamus.[3] After no answer was filed on the part of the Department, the court on July 12, 2022, entered its permanent order in mandamus requiring the Department to remove Nutall's dangerous felony designation and recalculate his parole eligibility.

On August 9, 2022, the Department filed, pursuant to Rule 75.01, its motion to reopen and vacate the permanent order asserting that the Department had not been served with the preliminary order and petition as required by Rule 94.05. After the trial court failed to rule on that motion within ninety days, the motion was deemed overruled by operation of Rule 78.06. This appeal follows.

## Standard of Review

This Court reviews the grant of a writ of mandamus under an abuse of discretion standard. *State ex rel. Sherschel v. City of Kansas City*, 470 S.W.3d 391, 397 (Mo. App. W.D. 2015). Under this standard, we will reverse the trial court's ruling only if it is so arbitrary and unreasonable as to shock the sense of justice and indicates a lack of careful consideration. *Id.*

Proper service of process is a prerequisite to personal jurisdiction. *Williams v. Zellers*, 611 S.W.3d 357, 364 (Mo. App. E.D. 2020). Actual notice of a lawsuit does not suffice to confer jurisdiction. *Id.* To properly invoke a court's jurisdiction, service of process must conform to the manner established by law. *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc. 2015). "This Court must first look to applicable statutes and rules to determine whether effective service of process was made." *Id.* A judgment issued without personal

---

[3] The court issued its amended order after Nutall initially objected to the original order claiming he was unaware of the filing in his name of the petition in this matter. He later retracted that claim and the court issued the amended order in mandamus that is before us.

3

jurisdiction over the defendant is void and may be attacked collaterally. *Worley v. Worley*, 19 S.W.3d 127, 130 (Mo. banc 2000).

## Discussion

The question before us is whether the trial court acquired personal jurisdiction over the Department in this matter. We find that it did not and therefore we vacate the trial court's permanent order in mandamus and order the petition in mandamus dismissed without prejudice.

"Writs are extraordinary remedies, and their procedures differ from normal civil actions." *Riley v. City Adm'r of City of Liberty*, 552 S.W.3d 764, 766 (Mo. App. W.D. 2018) (quoting *Bartlett v. Missouri Dep't of Ins.*, 528 S.W.3d 911, 913 (Mo. banc 2017)). Once a writ proceeding is initiated, the court does not issue summons as is normally done in a civil action. *Id.* Instead, the court reviews the contents of the petition and supporting suggestions and determines whether to issue a "preliminary order," or preliminary writ of mandamus. *Id.*; Rule 94.04. If the court declines to issue a preliminary writ, the appropriate recourse is "to file the denied writ petition in a higher court." *Id.* at 767. However, if the preliminary writ is granted, then the respondent is to be served with the preliminary writ along with the petition and is then required to file an answer to the petition. *Id.* at 766–67; Rule 94.05.

With these principles in mind, we turn to the issue before us—whether the trial court had personal jurisdiction over the Department. We find that it did not. Rule 94.05 governs service of process in mandamus proceedings like this one: "The preliminary order shall order the respondent to file an answer within the time fixed by the order. The clerk shall forthwith deliver a copy of the preliminary order, together with a copy of the petition, for service to the sheriff or other person specially appointed to serve it. Service may be made as provided in Rule 54."

Here, the trial court on January 4, 2022, issued its amended preliminary order in mandamus in which it directed the Department to file its answer to the petition in mandamus by February 4, 2022. There is no proof in the trial court's file or in the record on appeal here that the clerk of the circuit court "deliver[ed] a copy of the preliminary order, together with a copy of the petition, for service to the sheriff or other person specially appointed to serve it." The failure of such proof is fatal to the trial court's exercise of personal jurisdiction over the Department in this matter. *Worley*, 19 S.W.3d at 130.

The Department invites us to also reject Nutall's claim on the merits. This we cannot do. Where a trial court enters an order which it has no authority to enter, the appellate court's "role is limited to correcting the actions taken by the trial court in excess of its authority." *List v. Dir. of Revenue*, 469 S.W.3d 929, 931 (Mo. App. S.D. 2015) (quoting *Hart v. Impey*, 382 S.W.3d 918, 921 (Mo. App. S.D. 2012). That is, "the appellate court has jurisdiction of the appeal but cannot consider that appeal on its merits."[4] *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008) (quoting *Shepler v. Shepler*, 348 S.W.2d 607, 609 (Mo. App. 1961)). In such cases, the appellate court should reverse the judgment and remand with instructions that the order be stricken. *Id.*

Although Nutall has declined to file a brief in this matter, his only faintly colorable claim might be that the trial court mailed the amended preliminary order and petition to the Department based on the fact that the Department's mailing address was set forth in the order. The faint color of this notion dissipates because there is simply no proof that any such mailing occurred. Regardless, Rule 94.05 does not contemplate service by mail since it references service by the

---

[4] Nevertheless, any future litigation of this matter will naturally have to consider the prior adjudication in *Nutall v. Missouri Dep't of Corrections*, 2017 WD 81241 (Mo. App. W.D. Aug. 7, 2018) (Mem.), which rejected Nutall's claims on the merits in light of *Mann*, 526 S.W.3d at 290–92.

sheriff or other specially appointed process server.  And Rule 54, which is mentioned in Rule 94.05, only allows service by mail in limited circumstances and on limited types of persons and entities, *not* including governmental entities like the Department here, and then *only* when the person or entity files an acknowledgement of the service by mail.  Rule 54.16.  None of this occurred here.

## Conclusion

Therefore, we reverse the permanent order in mandamus and direct the trial court to dismiss the petition in mandamus.

James M. Dowd, Judge

Kelly C. Broniec, C.J., and
Philip M. Hess, J. concur.

6